## In re HOLDEN.

*(Supreme Court, General Term, First Department. December 29, 1890.)*

TRUST-ESTATES—COMPENSATION FOR SERVICES.

    The supreme court can, independent of statutory provisions for allowances in addition to costs, award compensation out of a trust fund for services resulting in advantage to the trust-estate, even though all were not rendered at the instance of the trustee.

Appeal from special term, New York county.

Applications by James C. Holden for leave to resign as trustee of the trusts created by the will of Albert Weber, deceased, and for leave to mortgage the trust-estate. William Foster, the trustee appointed in place of said Holden, and other parties interested in the trust-estate, appeal from an order modifying a referee's report as to allowances to be paid out of the estate, and others appeal from so much of the order as confirms the report as modified.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*John Lindley*, (*Sutherland Tenney*, of counsel,) for William Foster, appellant. *Charles C. Protheroe* and *William Man*, for Robina Protheroe and others, appellants and respondents. *Hornblower & Byrne*, (*James Byrne*, of counsel,) for James C. Holden, respondent. *Platt & Bowers*, (*John M. Bowers*, of counsel,) for Martha Weber and others, respondents.

BARTLETT, J. The amounts awarded to the various parties to these proceedings were given by the referee and the learned judge at chambers, not as additional allowances by way of costs, under the Code of Civil Procedure, but as compensation for services rendered to the trust-estate. In his report the learned referee says that the services were necessary and proper for the benefit and protection of the estate, and that proper compensation therefor ought to be paid out of the trust funds; and this opinion, coming from one who was for many years the presiding justice of this court, was also entertained by Mr. Justice BARRETT, who agreed that the court had power to authorize the trustee to pay for services which were beneficial to the estate. It was in this view, therefore, that the various payments were directed to be made; and hence it is not necessary to consider whether they could be justified as allowances, under section 3253 of the Code. The case of *Wetmore* v. *Parker*, 52 N. Y. 450, 466, upholds the power of the special term of the supreme court, independently of statutory provisions relating to costs, "to make allowances to trustees and others acting in a fiduciary capacity for all expenses necessarily incurred in the faithful performance of their duties, including counsel fees." The power exercised in the present proceedings is somewhat broader, being extended so as to embrace remuneration for services resulting in advantage to the estate, although not all of them rendered at the instance of the trustee. Under the circumstances disclosed by the appeal papers, we are not prepared to say that the court below exceeded its authority in making these allowances, but we are quite clear that it exercised its discretion wisely in reducing the amounts awarded by the referee to two of the parties. The order appealed from should be affirmed, with costs in favor of the respondent Martha Weber.